¶ 1 At its September 6, 2018, En Banc Conference the Court considered the personal restraint petition filed by Royal Drayton. The petition challenges his convictions for first degree assault with a firearm and unlawful possession of a firearm, and alleges that he has newly discovered evidence that exonerates him. Mr. Drayton also filed a motion for appointment of counsel and a motion to strike the State's response to his petition.
¶ 2 The State's case against Mr. Drayton was largely based on the testimony of a witness, Carlito Martinez, who was with the victim, Ricky Wilturner, at the time of the shooting. Mr. Martinez identified Mr. Drayton as the shooter. Mr. Wilturner initially told police that he thought the shooting had arisen from a disagreement between Mr. Martinez and Mr. Martinez's cousin, which is how Mr. Martinez referred to Mr. Drayton. But Mr. Wilturner later told police that he did not know who shot him and refused to cooperate with the prosecution. The jury found Mr. Drayton guilty as charged, the Court of Appeals affirmed, and this court denied review.
¶ 3 More than one year after his judgment and sentence became final, Mr. Drayton filed a CrR 7.8 motion in the superior court, attaching an affidavit from Mr. Wilturner stating that he had seen the person who shot him and that it was not Mr. Drayton. The superior court transferred the personal restraint petition to the Court of Appeals, which then transferred the petition to this court for consideration. RCW 10.73.140.
¶ 4 Mr. Drayton argues that his personal restraint petition is not untimely because it relies solely on newly discovered evidence. RCW 10.73.100(1). To merit relief based on newly discovered evidence, Mr. Drayton must show that the evidence (1) will probably change the result of the trial, (2) was discovered since the trial, (3) could not have been discovered before trial by the exercise of due diligence, (4) is material, and (5) is not merely cumulative or impeaching. In re Pers. Restraint of Stenson, 150 Wn.2d 207, 217, 76 P.3d 241 (2003). To obtain a reference hearing, Mr. Drayton must state in his petition the facts underlying his claim and the evidence available to support the factual allegations. RAP 16.7(a)(2)(i). Additionally, Mr. Drayton must provide competent, admissible evidence establishing facts that entitle him to relief; bald assertions and conclusory allegations will not support a reference hearing. In re Pers. Restraint of Rice, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992).
¶ 5 Mr. Drayton's personal restraint petition is untimely because Mr. Wilturner's affidavit is not likely to change the result of the trial given the changes in Mr. Wilturner's account of the events. This is not a determination of the credibility of the current affidavit; rather, it is simply that a third story would not likely persuade a jury. Moreover, Mr. Drayton fails to meet his burden of establishing that he could not have obtained the affidavit before trial had he exercised due diligence. Because the affidavit does not qualify as newly discovered evidence under Stenson and RCW 10.73.100(1), the personal restraint petition is untimely. Stenson, 150 Wn.2d at 220.
¶ 6 Mr. Drayton also moves to strike the State's response to his petition. This Court requested the State to file the response to the petition and Mr. Drayton fails to establish any basis to strike it.
¶ 7 Therefore, a majority of the Court agreed to the following order:
¶ 8 IT IS ORDERED:
¶ 9 The Petitioner's personal restraint petition is dismissed as untimely, the motion for appointment of counsel is denied as moot, and the motion to strike the State's response to the petition is also denied.
For the Court
/s/ Fairhurst, C.J. CHIEF JUSTICE